IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LEROY WILLIAMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:06-cv-358-ID |
| ) | |
| **STATE OF ALABAMA DEPARTMENT OF** ) | |
| **TRANSPORTATION and JOE McINNES,** ) | |
| in his official capacity as Director of the State ) | |
| of Alabama Department of Transportation, ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANTS ALABAMA DEPARTMENT
OF TRANSPORTATION AND JOE McINNES
TO PLAINTIFF'S COMPLAINT**

Defendants State of Alabama Department of Transportation and Joe McInnes, as Director of the Alabama Department of Transportation, submit the following answer to Plaintiff Leroy Williams' Complaint and corresponding numbered paragraphs:

**I.   Introduction**

1. No response is necessary.

**II.   Jurisdiction**

2. This paragraph is a jurisdictional statement and the burden of proving jurisdiction rests, at all times, with Plaintiff. This paragraph is denied until specifically proven by the Plaintiff.

**III.   Administrative Exhaustion**

3. Defendants are without sufficient information to admit or deny the allegations of paragraph 3.

**IV.   Parties**

    4.   Admitted.

    5.   Admitted.

    6.   Admitted.

**V.   Statement of Facts**

    7.   No response is necessary to this paragraph.

    8.   Admitted.

    9.   Admitted.

    10.   Denied, strict proofs are demanded.

    11.   Denied that Plaintiff was promoted to the position of Transportation Technologist on May 14, 2006.  Plaintiff was promoted to the position in May 2005. Defendants demand strict proofs as to all other averments.

    12.   Admitted that, on September 3, 2006, Plaintiff's probationary position as Transportation Technologist was terminated and that he reverted to his prior position as Engineering Assistant.  Reasons given for the job action were "continual excessive tardiness and repeated insubordination."  The notification further advised that "[y]ou were given numerous warnings and two written reprimands all with no noted improvement in your behavior."

    13.   Denied, strict proofs are demanded.

    14.   Denied, strict proofs are demanded.

**VI.   CAUSES OF ACTION**

**COUNT I – RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

    15.   No response is necessary to this paragraph.

    16.   Denied, strict proofs are demanded.

17. No response is necessary to this paragraph.

**COUNT II – RACE DISCRIMINATION IN VIOLATION OF 42 U. S. C. § 1981**

18. No response is necessary to this paragraph.

19. Denied, strict proofs are demanded.

20. No response is necessary to this paragraph.

**COUNT III – RETALIATION IN VIOLATION OF TITLE VII**

21. No response is necessary to this paragraph.

22. Denied, strict proofs are demanded.

23. Denied, strict proofs are demanded.

**COUNT IV – RETALIATION IN VIOLATION OF 42 U. S. C. §1981.**

24. No response is necessary to this paragraph.

25. Denied, strict proofs are demanded.

26. Denied, strict proofs are demanded.

27. No response is necessary to this paragraph.

**VII.   PRAYER FOR RELIEF**

1. Defendants deny that Plaintiff is entitled to a permanent injunction from this Court and deny that they have violated or continue to violate Title VII and/or 42 U.S.C. §1981.

2. Defendants deny that Plaintiff is entitled to reinstatement to his former position, backpay, compensatory damages, lost seniority, nominal damages, benefits, and loss of pension.

3. Defendants deny that Plaintiff is entitled to attorney's fees, costs, expenses, or any other form of relief.

4. Defendants deny each and every allegation of Plaintiff's Complaint (Doc. No. 1) not heretofore expressly admitted, and further deny that Plaintiff is entitled to any recovery of any damages.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted.

### SECOND DEFENSE

Plaintiff failed to exhaust his administrative remedies.

### THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiff has suffered no damages.

### FIFTH DEFENSE

Plaintiff failed to mitigate damages.

### SIXTH DEFENSE

Any adverse employment actions, decisions, or differential treatment were based on nondiscriminatory and legitimate reasons and purposes.

### SEVENTH DEFENSE

Any adverse employment actions, decisions, or differential treatment were based on factors other than racial discrimination or retaliation.

### EIGHTH DEFENSE

Defendants plead the *Mt. Healthy* defense. The same personnel decisions would have been taken even in the absence of discriminatory or retaliatory motive.

### NINTH DEFENSE

ALDOT pleads the affirmative defense of estoppel.

### TENTH DEFENSE

ALDOT pleads the affirmative defense of waiver.

### ELEVENTH DEFENSE

No actions by the defendants were motivated by facial, invidious discriminatory animus.

### TWELTH DEFENSE

Eleventh Amendment immunity bars any relief against the State Defendant ALDOT.

### THIRTEENTH DEFENSE

ALDOT pleads the defense of *laches*.

### FOURTEENTH DEFENSE

All claims against Defendant McInnes, sued in his official capacity, are barred by the Eleventh Amendment to the U.S. Constitution.

### FIFTEENTH DEFENSE

The Plaintiff's 42 U.S.C. § 1981 claims, pled through 42 U.S.C. § 1983 and presented in Counts II and IV, are due to be dismissed as Defendant McInnes (sued in his official capacity) is not a "person" who can be sued under § 1983.

### SIXTEENTH DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any race discrimination, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by ALDOT or to avoid harm otherwise. Defendants disseminated an antidiscrimination policy which was in full force and effect and fully and properly responded to Plaintiff's complaints about race discrimination.

5

**SEVENTEENTH DEFENSE**

Defendants reserve the right to raise additional defenses.

                                                RESPECTFULLY SUBMITTED
                                                TROY KING (KIN047)
                                                ATTORNEY GENERAL

                                                s/ Andrew W. Redd
                                                JIM R. IPPOLITO, JR. (IPP001)
                                                Assistant Attorney General
                                                Chief Counsel
                                                R.MITCHELL ALTON III (ALT003)
                                                ANDREW W. REDD (RED001)
                                                Assistant Attorney General
                                                Assistant Counsel

**ADDRESS OF COUNSEL:**

State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
redda@dot.state.al.us

6

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LEROY WILLIAMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:06-cv-658-ID |
| ) | |
| **STATE OF ALABAMA DEPARTMENT OF** ) | |
| **TRANSPORTATION and JOE McINNES,** ) | |
| **in his official capacity as Director of the State** ) | |
| **of Alabama Department of Transportation,** ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following:

Russell W. Adams, Esq., WIGGINS, CHILDS, QUINN & PANTAZIS, P.C., 301 Nineteenth Street, North, Birmingham, Alabama 35203.

                                            RESPECTFULLY SUBMITTED

                                            s/ Andrew W. Redd
                                            JIM R. IPPOLITO, JR. (IPP001)
                                            Assistant Attorney General
                                            Chief Counsel
                                            R.MITCHELL ALTON III (ALT003)
                                            ANDREW W. REDD (RED001)
                                            Assistant Attorney General
                                            Assistant Counsel

**ADDRESS OF COUNSEL:**

State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
redda@dot.state.al.us