IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEROY WILLIAMS, | |
| Plaintiff, | |
| v. | Civil Action No.: 2:06-cv-658-ID |
| STATE OF ALABAMA DEPT. OF TRANSPORTATION, et. al. | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO MOTION TO QUASH AND IN THE ALTERNATIVE MOTION FOR EXTENSION**

Comes now the plaintiff in response to the defendants motion to quash and states as follows:

1) As the Court is aware, plaintiff's counsel's mother was hospitalized for surgery a few weeks ago. This was her sixth major surgery in the last three years.

2) Due to her post-surgery condition, Mr. Adams, the only counsel of record for plaintiff, was temporarily prohibited from traveling out of town to conduct discovery. On Friday, April 28, 2007, Mr. Adams attempted to contact Mr. Redd to discuss the scheduling of the depositions of two state employees on any day during the following week[1]. When that message was not returned, Mr. Adams again contacted

---

[1]This message was a follow-up to an earlier email concerning scheduling which Mr. Redd stated he did not receive. The message was sent from plaintiff's counsel's cell phone and may not have reached Mr. Redd.

Mr. Redd on April 30, 2004. Mr. Redd stated that depositions could not be scheduled but provided no substantive reasons why one of the three counsel of record for the defendants could not defend the depositions. Moreover, it appeared that counsel had not contacted the deponents to discuss their availability. Counsel for plaintiff then attempted to work out the problem by agreeing to seek a continuance of the summary judgment deadline which made the scheduling of the depositions necessary during that week. Mr. Redd stated that it would be necessary for Mr. Adams to contact lead counsel Jim Ippolito to discuss a continuance. Mr. Adams then attempted to contact Mr. Ippolito. While it appeared that Mr. Ippolito was in the office, he did not take Mr. Adams' call.

3) Later that afternoon, counsel for plaintiff received an email message from Mr. Redd stating that the defendant would not agree to a short continuance. No reason was given. Counsel for plaintiff then noticed the depositions of the two state employees for three days later by facsimile and again suggested an agreed upon extension by email. No response to that email was recieved. Early this morning, counsel for plaintiff again left a telephone message for Mr. Redd attempting to determine whether the defendants would object to a motion for continuance or whether they were simply not agreeing to a continuance. That message was also not returned and counsel for defendant did not contact counsel for plaintiff prior to filing the instant motion to quash.

4) Given that the defendant has provided no reason why one of its three counsel of record cannot defend two short depositions and has not asserted that the deponents are not available, the defendants' motion to quash is due to be denied as they have provided no substantive reason why the depositions should not go forward. By their own admission, the defendants had at least six days notice of plaintiff's effort to take the depositions.

Wherefore, premises considered, plaintiff respectfully requests that this Court deny the motion for protective order or to quash. Alternatively, plaintiff requests that the Court extend the due date for plaintiff's summary judgment response from May 8, 2007 to May 22, 2007 to allow additional time to schedule these necessary depositions.

Respectfully submitted,

Russell W. Adams
Counsel for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY, that a copy of the foregoing was served via U.S. Mail, first class, postage pre-paid this 1st day May, 2007 and addressed as follows:

Jim R. Ippolito
Andrew Redd
Alton Parker
Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110

                                      Russell W. Adams
                                      Counsel for the Plaintiff